UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUDY ANN BORSET,

    Plaintiff,

v.                                        Case No. 05-CV-72714-DT

COPYRIGHT ARBITRATION ROYALTY
PANELS, et al.,

    Defendants.
                                          /

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending before the court is a motion to dismiss, filed by Defendant Alliance of Artists and Recording Companies ("AARC") on August 5, 2005. Plaintiff Trudy Ann Borset submitted a response on August 30, 2005.[1] Having reviewed the briefs, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Defendant's motion will be granted and this matter will be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff initiated the this action on July 11, 2005. Her *pro se* complaint asserts an action against the Copyright Arbitration Royalty Panels and the AARC based upon the denial of her claim for Subfund Royalties in 2003 and 2004. Plaintiff's complaint, while not explicit, appears to assert the existence of subject matter jurisdiction based on 28 U.S.C. § 1331, federal question jurisdiction, under the federal copyright laws.

---

[1] Plaintiff's response is actually entitled "Defendants AARC's Motion to Dismiss," [*see* Dkt. # 7], but the court interprets it as a response.

On August 5, 2005, Defendant AARC brought the instant motion, asking the court to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12 for (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient service of process; and (5) failure to state a claim on which relief can be granted.  See Fed. R. Civ. P. 12(b)(1)-(3), (5) & (6).

## II.  STANDARD

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993).  Plaintiff's complaint, it appears, attempts to allege jurisdiction through 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Sixth Circuit has held that "[i]n determining whether an action 'arises under' federal law, we are governed by the well-pleaded complaint rule, which requires that a federal question be presented on the face of the complaint."  *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc.,* 287 F.3d 568, 573 (6th Cir. 2002) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

"Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *See Mich. S. R.R. Co.,* 287 F.3d at 573 (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir.1990)).  Finally, where a defendant brings a motion to dismiss on multiple grounds under Federal Rule of Civil Procedure 12, courts are " bound to consider the 12(b)(1) motion first, since the [alternative] challenge[s] become[] moot if

2

th[e] court lacks subject matter jurisdiction."  *Moir,,* 895 F.2d at 269 (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

### III.  DISCUSSION

Defendant alleges that Plaintiff's complaint fails to sufficiently demonstrate the existence of subject matter jurisdiction.  Defendant relies on Federal Rule of Civil Procedure 8 which mandates that complaints must set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Fed. R. Civ. P. 8(a)(1).  Defendant asserts that "Plaintiff fails completely to address the jurisdictional issue. Nothing in the complaint itself sheds any light on the issue as Plaintiff fails to identify a relevant federal statute or establish the elements of complete diversity jurisdiction." (Def.'s Mot. Br. at 4.)  In her response, Plaintiff contends that "[t]he U.S. statute that the complaint is filed under is the Copyright Act of 1976 under Title 17 of the United States Code."  (Pl.'s Br. At 4.)

Having reviewed the complaint in a light most favorable to Plaintiff, the court finds that it lacks jurisdiction over this matter.  Plaintiff's *pro se* complaint, though perhaps inartfully worded, is a clear attempt to appeal the rulings against her in the proceedings before the Copyright Office.  The complaint itself is entitled "Appeal From the Distribution of Dart Sound Recordings Fund/Copyright Owners Subfund Royalties for 2003 and 2004 Dart Sound Recordings Fund/Copyright Owners Subfund."  (*See* Cover Page of Compl.)  Further, the complaint contains two "parts."  Part One, by its subtitle and substance, is devoted to an appeal on the distribution of royalties form the Copyright Owners Subfund for 2003.  (Compl. at 1.)  Similarly, Part Two is devoted to an appeal on the distribution of royalties form the Copyright Owners Subfund for 2004.

(Compl. at 6.)  In support of her complaint, Plaintiff has attached documents and filings from proceedings before the Copyright Arbitration Royalty Panels involving claims she asserted for royalty payments.  All of these claims were ultimately dismissed by the Copyright Office.  Plaintiff's complaint now attempts to appeal those rulings to this court.

Although Plaintiff has alleged a claim for royalties under a federal statute, 17 U.S.C. § 1006, the court nonetheless does not have jurisdiction over appeals from the decision of Copyright Royalty Judges.  Congress has vested exclusive jurisdiction over such actions in the United States Court of Appeals for the District of Columbia Circuit.  *See* 17 U.S.C. § 803; 37 C.F.R. § 251.58(a); *see also Amusement and Music Operators Ass'n v. Copyright Royalty Tribunal,* 636 F.2d 531, 533-534 (D.C. Cir. 1980) (finding district court lacked subject matter jurisdiction to review action of the Copyright Royalty Tribunal).  The policy for allowing direct review to the Court of Appeals is that "[j]udicial resources would be wasted if parties could press their case upon the administrative agency, then obtain review on the agency record in the District Court, and then enjoy an appeal as of right to the Court of Appeals, which would perform precisely the same function." *Amusement and Music Operators Ass'n,* 636 F.2d at 534.  Indeed, courts commonly interpret similar crafted statutes to find that "jurisdiction in the court of appeals is exclusive, and that jurisdiction does not lie in the district court."  *See Community Nutrition Institute v. Novitch*, 583 F.Supp. 294, 296 (D.C.D.C. 1984) (noting similar statutes, including the Copyright Act, to hold that district court did not have jurisdiction over review from agency decision).

4

Accordingly, the court finds that it lacks subject matter jurisdiction over this controversy.  If Plaintiff wishes to pursue this appeal, she must do so in the United States Court of Appeals for the District of Columbia Circuit.

Because the court will grant Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), it will not address Defendant's alternative arguments to dismiss.  *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (holding alternate grounds for relief become moot where Rule 12(b)(1) motion is granted).

### IV. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss" [Dkt. # 3] is GRANTED and this matter is DISMISSED in its entirety for lack of subject matter jurisdiction.


     S/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated:  September 2, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 2, 2005, by electronic and/or ordinary mail.

     S/Lisa G. Wagner  
     Case Manager and Deputy Clerk  
     (313) 234-5522